IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HATTIE C. HARRIS, ) | CASE NO. 15-30279-DHW13 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| CIS FINANCIAL SERVICES, INC., ) | |
| ) | |
| Movant. ) | CHAPTER 13 |
| ) | |
| vs. ) | |
| ) | |
| HATTIE C. HARRIS, ) | |
| CURTIS C. REDING, Trustee, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

MOTION TO APPROVE LOAN MODIFICATION

COMES NOW Movant and shows this Court the following:

1.

This is a Motion to allow the parties to enter into a loan modification. Movant seeks an Order approving the loan modification to which the parties have agreed.

2.

Movant services a loan on property known as 179 Orchid Lane, Fitzpatrick, AL 36029.

3.

The parties have agreed to enter into a loan modification on or about December 1, 2015. A

copy of said agreement is attached. Said loan modification will have a new principal balance of $83,498.80, with a fixed interest rate of 4.250%. The initial estimated monthly payment shall be $620.57, comprised of principal and interest in the amount of $410.76 and a current monthly escrow collection currently comprised of $209.81.

4.

The parties believe that this Agreement is in the Debtor's best interest, and Movant seeks an Order approving the modification, including, but not limited to, the execution and recording of the finalized loan modification agreement and any other related documents.

5.

Loan modification in contingent upon completion of the Trial Modification beginning September 1, 2015. During the Trial Modification, Debtor is to make three monthly payments of $625.00. If Debtor fails to complete the Trial Modification, the permanent Loan Modification Agreement will be void.

5.

Upon approval, the Chapter 13 Trustee may cease continued funding of Movant's prepetition claim, if any, and Movant may amend its claim accordingly.

WHEREFORE, Movant prays

(a) That its Motion be granted so as to permit the Movant and Debtors to enter into the loan modification agreement previously described and attached to this Motion;

*(Remainder of page intentionally left blank)*

(b) That the Movant, at its option, be permitted to contact the Debtors via telephone or written correspondence regarding this modification and/or any other potential loan workout or loss mitigation agreement;

(c) For such other and further relief that is just and proper.

  /s/ Karen a. Maxcy
KAREN A. MAXCY
ALABAMA BAR NO. ASB-6065-R74M
Attorney for Movant
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, Georgia 30076
678-321-6965
877-414-7008
Km5@mccallaraymer.com

BANKRUPTCY CASE NO. 15-30279-DHW13

CHAPTER 13

CERTIFICATE OF SERVICE

I, Karen A. Maxcy, of McCalla Raymer, LLC, 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the within "MOTION TO APPROVE LOAN MODIFICATION" filed in this bankruptcy matter on the attached matrix and on the following parties at the addresses shown, by regular United States Mail, postage prepaid, unless another manner of service is expressly indicated:

Hattie C. Harris
179 Orchid Lane
Fitzpatrick, AL 36029

Richard D. Shinbaum           *(served via email at rshinbaum@smclegla.com)*
Shinbaum & Campbell
P.O. Box 201
Montgomery, AL 36101

Curtic C. Reding              *(served via email at trustees_office@ch13mdal.com)*
P.O. Box 173
Montgomery, AL 36101


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.


Executed on    9/3/15        By:    /s/ Karen A. Maxcy
                 (date)              KAREN A. MAXCY
                                     ALABAMA BAR NO. ASB-6065-R74M
                                     Attorney for Movant

Prepared By And After
Recording Return To:

CIS Financial Services, Inc.
P.O. Box 1906
Hamilton, AL 35570

_____ [Space Above This Line For Recording Data] _____

FHA Case No. ▮▮▮▮▮

# MODIFICATION OF DEED OF TRUST
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 1st day of November, 2015, between Hattie C. Harris (Borrower") and CIS FINANCIAL SERVICES INC. ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated February 20, 2013 and recorded in Mtg. Book 386 Page 294-305 Recorded Date of 3/5/2013 of the Public Records of Bullock Alabama and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at,

179 Orchid Lane Fitzpatrick, AL 36029

the real property described being set forth as follows:

"See Attached Exhibit A"

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **December 1st, 2015** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $83,498.80, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.250% from November 1, 2015 Borrower promises to make monthly payments of principal and interest of U.S. $410.76 beginning on the 1st day of December, 2015 and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.250% will remain in effect until principal and interest are paid in full. If on November 1, 2045 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which

Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a)   all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b)   all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a)   All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b)   All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c)   Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d)   All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   (e)   Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

   (f)   Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging☐.

"This modification will be null and void, if the last trial payment of $625.00 is not received by 11/30/2015".

*[signature]*
Hattie C. Harris   -Borrower

_____ [Space Below This Line For Acknowledgments] _____

STATE OF Alabama
COUNTY OF Bullock

I, the undersigned Notary Public, in and for the aforeside State and County, do hereby certify that Hattie C. Harris borrower(s), personally appeared before me, were personally know to me or provided satisfactory evidence to me, in said county and acknowledge the within instrument to be their act and deed.

Given under my hand and seal this 25th day of August, 2015

(SEAL)

*[signature]*
Notary Public

4-30-2018
My Commission Expires

EXHIBIT "A"

A tract of land located in Section 30, Township 14, Range 22 described as follows:

Begin at the SW corner of the lot which is located at a point 255 feet East and 211 feet North of a point where the West line of the SW ¼ of the NW ¼ of Section 30, Township 14, Range 22, in Bullock County, Alabama, intersects the North right of way of paved county road; thence North 84 degrees 40 minutes East for 210 feet; thence North 2 degrees West for 210 feet; thence South 84 degrees 40 minutes West for 210 feet; thence North 2 degrees East for 210 feet to the point of beginning.

By: *[signature]*
Lorna Cayson     Asst. Vice-President

State of ALABAMA
County of Marion

On this 27 day of August, 2015 I, Teresa Allen the undersigned authority, a Notary Public for said County and in said State, do hereby certify that Lorna Cayson whose name as Asst. Vice-President of CIS Financial Services, Inc., a corporation, and who is known to me, acknowledged before me on this day, signed the foregoing instrument in her capacity as such officer and with full authority, executed the same voluntarily for and as the act of the said corporation on the day the same bears date.

Given under my hand and seal of office, this 27th day of Aug ,2015.

*[signature]*
Teresa Allen – Notary Public

9-7-16
My Commission Expires

(SEAL)

